# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION

### CIVIL CASE NO. 1:13cv29

| | | |
|---|---|---|
| TRICIA IRENE GILBERT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| ATHENE ANNUITY & LIFE ASSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Leave to File Out-of-Time Response Instanter to Defendant's Motion to Dismiss, pursuant to Fed.R.Civ.P. 6(b)(1)(B) [Doc. 4] and Motion for Reconsideration of and Relief from Order of Dismissal, pursuant to Fed.R.Civ.P. 60(b)(1) and 60(b)(6) [Doc. 6].

## PROCEDURAL HISTORY

On February 1, 2013, the Defendant removed this action from state court based on diversity jurisdiction. [Doc. 1]. The Complaint alleges a claim based on breach of an insurance contract and a second claim for Unfair and Deceptive Trade Practices. [Doc. 1-1]. The insurance policy is

an accidental death insurance policy issued to the Plaintiff's husband who died of a self-inflicted gunshot wound.[1]  [Id. at 8-16].  The policy, which issued in May 2006, contained an exclusion for death of the insured due to any event other than a covered accident and specifically excluded death by suicide.  [Id. at 8].

On February 8, 2013, the Defendant moved to dismiss this action for failure to state a claim upon which relief may be granted due to the exclusion contained within the policy for self-inflicted wounds.  [Doc. 2]. The Plaintiff failed to respond to the motion.  On February 26, 2013, the Defendant moved a second time to dismiss based on the Plaintiff's failure to respond.  [Doc. 3].  This Court granted that motion on February 28, 2013.  [Doc. 5].  The Plaintiff now moves for reconsideration of the dismissal of this action.

## STANDARD OF REVIEW

The Plaintiff's motion refers to reconsideration.  She cites, however, to Rule 60 which provides for relief from a final judgment based on excusable neglect or "any other reason that justifies relief."  Fed.R.Civ.P. 60(b).  However, in this Circuit, before the requirements of Rule 60 itself

---

[1] A copy of the death certificate is attached to the Complaint and shows that the cause of death is listed as a self-inflicted gunshot wound to the head.  [Doc. 1-1 at 13].

are addressed, the party filing the motion must show that (1) it is timely; (2) the party has a meritorious claim; and (3) the opposing party must not be unfairly prejudiced by having the judgment set aside. Aikens v. Ingram, 652 F.3d 496, 501 (4th Cir. 2011). "And, if the reasons asserted for the rule 60(b)[ ] motion could have been addressed on appeal from the judgment, [the United States Court of Appeals for the Fourth Circuit] ha[s] denied the motion as merely an inappropriate substitute for an appeal." Id.

## DISCUSSION

The sole issue in this case is whether N. C. Gen. Stat. §58-58-22(4) applies to an insurance policy based on accidental death as opposed to a term or whole life insurance policy. That statute provides in pertinent part:

> No policy of individual life insurance shall be delivered in this State unless it contains in substance the following provision, or provisions that in the Commissioner's opinion are more favorable to the person insured:
> …
> A provision that may not limit payment of benefits for a period more than two years after the date of issue of the policy because of suicide[.]

N.C. Gen. Stat. §58-58-22(4) (emphasis provided).

"The suicide limitation is almost universal in life policies" although normally limited to a two year period by statute. 1 Life & Health Insurance Law §2:36 (2d ed.). The exclusion for suicide is implicit in accident

coverage "since suicide and accidental death are mutually exclusive." Id.

"The suicide exclusion under the accidental death benefit[s] [policy] is often

more elaborate and refers also to self-destruction or self-inflicted injuries."[2]

Id. at §7:3.

> Term life insurance lasts for only a limited term and has no
> cash value. Whole life insurance has a cash value, and it lasts
> for the whole life of the insured … if premiums in set amount
> are paid as scheduled. Universal life insurance has a cash
> value and typically permits the policyowner to change the death
> benefit and to decide how much premium to pay and when to
> pay it, subject to lapse of coverage if payment is insufficient[.]
> …
> In addition to the typical provisions …, the modern life
> insurance policy may contain provisions for additional payment
> in the event of accidental death[.] … These [provisions] are in
> addition to the pure life insurance benefit and an extra charge is
> made for them.

Id. at §3.1.

Contracts for accidental death insurance typically have an exclusion

for suicide and in those policies, "the defense of suicide or self-inflicted

injury is not limited to a specified period but continues throughout the life of

the policy." Id. at §17:20.

The Plaintiff cites the passage of §58-58-22(4) in 1995 as proof that

the state legislature intended to remove the suicide exclusion from all

---

[2] In this respect, the treatment of suicide in accidental death policies differs markedly
from that of death in a motor vehicle accident caused by driving while intoxicated. See,
Johnson v. American United Life Ins. Co., No.12-1381 (4th Cir., May 24, 2013).

insurance policies, not just life insurance policies. The statute, however, makes no reference to accidental death insurance policies, the type of policy at issue in this case. [Doc. 1-1 at 8]. While Plaintiff's counsel makes an argument for the extension of the law, there is no case law to support that theory.

In order to show a meritorious claim, the moving party must show that, if relieved from the order of dismissal, she will have a meritorious claim. Dowell v. State Fire & Casualty Auto. Inc. Co., 993 F.2d 46, 48 (4th Cir. 1993). This the Plaintiff here cannot do. Boyd v. Bulala, 905 F.2d 764, 769 (4th Cir. 1990) ("[A] threshold condition for granting the relief is that the movant demonstrate that granting that relief will not in the end have been a futile gesture[.]"). Because the Plaintiff cannot prove a meritorious cause of action, the Court need not consider whether she could meet the stringent burdens required for relief pursuant to Rule 60(b)(1) or (6). Aikens, 652 F.3d at 501; Coomer v. Coomer, 217 F.3d 838 (4th Cir. 2000); United States v. $19,923.00 in U.S. Currency, 2013 WL 1789576 (W.D.N.C. 2013); Clear Sky Car Wash, LLC v. City of Chesapeake Va., 2013 WL 1560358 **6 (E.D.Va. 2013) ("The first threshold condition to relief under Rule 60(b) requires the movant to show that he has a meritorious claim[.]").

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Leave to File Out-of-Time Response Instanter to Defendant's Motion to Dismiss, pursuant to Fed.R.Civ.P. 6(b)(1)(B) [Doc. 4] is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that the Plaintiff's Motion for Reconsideration of and Relief from Order of Dismissal, pursuant to Fed.R.Civ.P. 60(b)(1) and 60(b)(6) [Doc. 6] is hereby **DENIED**.

Signed: May 25, 2013

Martin Reidinger
United States District Judge